**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Romero LIERO, Defendant–Appellant.**

**No. 02–50026.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Filed Aug. 15, 2002.

Angela M. Krueger, Federal Defenders of San Diego, Inc., San Diego, CA, argued for the appellant.

Jennifer J. Detrani, Assistant United States Attorney, San Diego, CA, argued for the appellee. Patrick K. O'Toole, United States Attorney, San Diego, CA, and Bruce R. Castetter, Assistant United States Attorney, San Diego, CA, joined her on the brief.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING, District Judge.*

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## OPINION

KOZINSKI, Circuit Judge.

Liero appeals his nine-month sentence for violating conditions of his supervised release. We consider whether 21 U.S.C. § 960 and 18 U.S.C. § 3583(a), which require the imposition of a term of supervised release following a sentence of imprisonment, are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

### I

Liero pled guilty to violating 21 U.S.C. §§ 952, 960 by importing marijuana and was sentenced to fifteen months in prison followed by three years of supervised release. After his release from prison, Liero violated the conditions of supervised release by, among other things, testing positive for marijuana and failing to report for drug tests. Noting that this was the second time Liero had violated supervised release, the district judge sent him back to prison for nine months. Liero argues that, under *Apprendi*, the sentencing judge was not authorized to impose supervised release in the first place and so lacked authority to punish him for violating its terms.

*Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Liero argues that, because supervised release isn't automatically imposed upon conviction but is predicated on a sentence of imprisonment, it hinges on a judge's, not a jury's, determination at sentencing that imprisonment (as opposed to a

fine or probation) is the appropriate punishment. This determination is based, in turn, on the judge's finding that the relevant facts justifying a particular prison sentence exist—facts such as the nature and circumstances of the offense, the history and characteristics of the defendant, and so forth. This exercise in fact-finding, the argument continues, usurps the jury's constitutional role as defined by *Apprendi*.

## II

We begin with section 960(b)(4), the statute under which Liero was sentenced. The language is unmistakable: "If a sentence under this paragraph provides for imprisonment, the sentence *shall*, in addition to such term of imprisonment, include ... a term of supervised release of not less than two years ...." (emphasis added). In other words, once a judge determines that the defendant is to be imprisoned, he must impose supervised release. Emphasizing the non-discretionary nature of the district court's authority, section 3583(a) provides, somewhat redundantly, that "the court *shall* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute ...." (emphasis added).

It is true that judicial discretion—guided by "various factors relating both to offense and offender," *Apprendi*, 530 U.S. at 481, 120 S.Ct. 2348, but discretion nonetheless—is not entirely eliminated. As Liero points out, judges retain wide latitude to find facts that determine whether a defendant would be imprisoned at all. *See* 18 U.S.C. § 3551(b) (providing for probation, fine or imprisonment). While the Sentencing Guidelines constrain the sentencing judge's discretion once certain facts have been established, Liero reminds us that it's still the judge, not the jury, who makes these findings. Suppose the sentencing judge had found Liero responsible for only 4 kilograms of the imported marijuana in-

stead of the full 56.41 kilograms. Under the 1997 Guidelines applicable to Liero's case, his base offense level would have been 12, not 20. If everything else had stayed the same (role in the offense, acceptance of responsibility and criminal history), Liero would have had an adjusted Offense Level Score of 7 and a Criminal History Category of I, making his sentencing range 0–6 months. If the judge had then sentenced him to the low end of the range, as the presentence report recommended and the judge in fact did here, Liero wouldn't have been imprisoned at all. Without imprisonment, there would have been no mandatory term of supervised release and, of course, no revocation for violating its conditions. Hence, Liero argues, by making factual findings that eventually led to a prison sentence, the sentencing judge invaded the jury's province as defined by *Apprendi*.

Liero recognizes, however, that *Apprendi* is implicated only when the sentencing judge's findings increase the defendant's sentence "beyond the prescribed statutory maximum," *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. He therefore disclaims any challenge to the Sentencing Guidelines or sentencing discretion in general. Instead, he limits his attack to the imposition of a term of supervised release because, he argues, supervised release is punishment "in addition to, and separate from," the maximum sentence. *See, e.g.,* Appellant's Opening Br. at 9. According to this logic, the statutory maximum penalty under section 960(b)(4) is five years' imprisonment. The term of supervised release tacked on the end is an "addition" to whatever prison term the judge imposes, pushing the entire sentence (incarceration plus supervised release) beyond the statutory maximum. *See* Appellant's Opening Br. at 6, 9–10, 14.

■ Liero's characterization of supervised release as an add-on to the maximum

sentence is contrary to the statutory language as well as our case law. Sections 960 and 3583(a) clearly provide that supervised release, just like a term of imprisonment, is "part of the sentence." Our cases dispel any doubt about what this means. *See, e.g., United States v. Soto–Olivas,* 44 F.3d 788, 790 (9th Cir.1995) ("By the plain language of the statute, supervised release, although imposed in addition to the period of incarceration, is a part of the sentence.... Thus, the entire sentence, including the period of supervised release, is the punishment for the original crime ....") (internal quotation marks and citations omitted). Indeed, we have held that the punishment imposed for violating the conditions of supervised release is itself a part of the original sentence. *See United States v. Paskow,* 11 F.3d 873, 881 (9th Cir.1993) ("[I]t is the original sentence that is executed when the defendant is returned to prison after a violation of the terms [of supervised release.]"). In light of these cases, we cannot agree with Liero that supervised release is a separate part of, or an addition to, the sentence for the original offense, exceeding the maximum penalty prescribed by statute. The maximum sentence for violating section 960(b)(4), therefore, is not merely five years' imprisonment, but five years' imprisonment plus a term of supervised release. Liero's sentence—fifteen months' imprisonment followed by three years of supervised release—fell within the statutory maximum. *Apprendi* was not violated.

**AFFIRMED.**