UNITED STATES of America, Plaintiff—Appellee,

v.

Carlos David GONZALEZ–BUS-TAMANTE, Defendant—Appellant.

No. 02–50120.

D.C. No. CR–99–02512–JSR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 23, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Carlos David Gonzalez–Bustamante appeals his sentence imposed following conviction by jury of attempting to enter the United States after deportation and making a false claim of United States citizenship in violation of 8 U.S.C. § 1326 and 18 U.S.C. § 911, respectively. We have jurisdiction, 28 U.S.C. § 1291, and affirm. The parties are familiar with the facts, therefore, we discuss only those necessary to our analysis.

Bustamante asserts that his conviction under California law for assault with a deadly weapon in violation of Cal.Penal Code § 245(a)(2) does not constitute a "crime of violence" for purposes of sentence enhancement under U.S.S.G. § 2L1.2 because, he argues, that requires a finding of specific intent, but the California crime for which he was convicted is

only a general intent crime. We disagree. Our precedent instructs that a "crime of violence" does not require a finding of intentional use of force. *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1146 (9th Cir.2001).

Bustamante's remaining contention which we review for plain error is that 18 U.S.C. § 3583, which authorizes a term of supervised release, violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by our recent decision in *United States v. Liero*, 298 F.3d 1175 (9th Cir. 2002).

AFFIRMED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.