**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lemuel Fezell JACKSON, Defendant— Appellant.**

**No. 02–35646.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided June 3, 2003.

Before: CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

**ORDER**

The Memorandum disposition filed March 19, 2003, is hereby WITHDRAWN and replaced with the attached disposition.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

With the filing of this new disposition, the petition for panel rehearing, filed May 5, 2003, is DENIED.

## MEMORANDUM **

Federal prisoner Lemuel Fezell Jackson appeals pro se the district court's order denying his motion brought pursuant to 28 U.S.C. § 2255 to vacate the 188–month sentence imposed on remand for his conviction by guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm.

Jackson contends that the district court's use of the preponderance of evidence standard to find at sentencing that Jackson's offense involved crack cocaine violated his due process rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Even if Jackson is not precluded from asserting his *Apprendi* claim on collateral review,[2] and even if he had cause for not raising the claim on direct appeal, Jackson cannot show that he suffered actual prejudice from the claimed error. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default and actual prejudice resulting from the claim of error.").[3]

Jackson's *Apprendi* claim, if raised on direct appeal, would necessarily have failed because (1) the challenged Sentencing Guidelines determinations do not implicate *Apprendi* since they resulted in a sentence (188 months) below the twenty-year statutory maximum for an unspecified amount of cocaine under 21 U.S.C. § 841(b)(1)(C); *United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000) (concluding that *Apprendi* is not implicated when a Guidelines sentence enhancement did not result in a sentence that exceeded the statutory maximum); and (2) Jackson's supervised release term does not render his sentence in excess of the statutory maximum, *United States v. Liero*, 298 F.3d 1175, 1177–78 (9th Cir.2002) (rejecting *Apprendi*-based contention that supervised release is a separate part of, or an addition to, the sentence for the original offense, exceeding the maximum penalty prescribed by statute).

Because Jackson did not suffer actual prejudice by failing to raise the *Apprendi* claim on direct appeal, the district court's denial of the Section 2255 motion is **AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. Jackson contends that *United States v. Sanchez–Cervantes*, 282 F.3d 664 (9th Cir.2002) (holding that *Apprendi* does not apply retroactively to cases on collateral review), does not apply to him because his direct appeal was pending when *Apprendi* was decided.

3. Jackson's contention that he should be entitled to assert his *Apprendi* claim in order to avoid a miscarriage of justice and because the government waived any "procedural default" objection do not avail him because the *Apprendi* claim, if raised, would necessarily have failed.