**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge RODARTE–SOTO, Defendant–Appellant.**

**No. 03–50123.**

**D.C. No. CR–98–02979–GT.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Renee M. Bunker, Georgina A. Verdugo, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle D. Anderson, Law Office of Michelle D. Anderson, San Diego, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Federal prisoner Jorge Rodarte–Soto appeals the sentence imposed upon revocation of his term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Rodarte–Soto contends that 18 U.S.C. § 3583, which authorizes the imposition of a term of supervised release, is unconstitutional as applied under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We disagree.

The imposition of supervised release is part of the sentence to be imposed following conviction for a crime. *See* 18 U.S.C. § 3583(a); *United States v. Soto–Olivas*, 44 F.3d 788, 790 (9th Cir.1995) (noting that the entire sentence, including the term for supervised release, is the punishment for the original crime). Because the imposition of supervised release did not increase Rodarte–Soto's sentence beyond the pre-scribed statutory maximum, *Apprendi* is not implicated. *See United States v. Liero*, 298 F.3d 1175, 1177–78 (9th Cir.2002), *cert. denied*, 537 U.S. 1132, 123 S.Ct. 913, 154 L.Ed.2d 820 (2003).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

