**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Fay GARCIA, aka Robert Bianco Green, aka Robert Anthony Bianco, aka Robert Anthony Adami, Defendant—Appellant.**

**No. 03–50278.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

U.S. Attorney, USSD—Office of the U.S. Attorney, Jessica M. Kass, United States Department of Justice, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

## MEMORANDUM **

Robert Fay Garcia appeals from the district court's judgment sentencing him to 11

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

months of imprisonment upon revocation of his term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Garcia contends that 18 U.S.C. § 3583, which authorizes the imposition of a term of supervised release, is unconstitutional on its face and as applied under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We disagree.

The imposition of supervised release is part of the sentence to be imposed following conviction for a crime. *United States v. Soto–Olivas*, 44 F.3d 788, 790 (9th Cir. 1995). The entire sentence, including the term for supervised release, is the punishment for the original crime, and therefore revocation of supervised release does not constitute additional punishment. *Id.* Thus, Garcia's facial challenge lacks merit, as such a challenge must be rejected unless there exists no set of circumstances in which the statute can be constitutionally applied. *See United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Moreover, because the imposition of supervised release did not increase Garcia's sentence beyond the prescribed statutory maximum, *Apprendi* is not implicated on these facts. *See United States v. Liero*, 298 F.3d 1175, 1177–78 (9th Cir. 2002), *cert. denied*, 537 U.S. 1132, 123 S.Ct. 913, 154 L.Ed.2d 820 (2003). Therefore, Garcia's constitutional challenge to the application of 18 U.S.C. § 3583 lacks merit as well.

The Government contends that Garcia waived his right to appeal his sentence in his plea agreement. We are not persuaded. An exception exists to a broad appeal waiver such as Garcia's for a claim that "an illegal sentence [was] imposed in excess of a maximum statutory penalty." *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's motion for submission on the briefs is granted.

\*\* This disposition is not appropriate for publication and may not be cited to or by the