**UNITED STATES Of America,**
**Plaintiff–Appellee,**

v.

**Charles Warren BROWN,**
**Defendant–Appellant.**

No. 03–5580.

United States Court of Appeals,
Sixth Circuit.

April 26, 2004.

Darryl A. Stewart, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

William B. Bruce, Bruce, Weathers, Corley & Lyle, Nashville, TN, for Defendant–Appellant.

Before SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

Charles Warren Brown, a federal prisoner, appeals a district court's order revoking his supervised release and sentencing him to a term of incarceration. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown participated in the armed robbery of two stores in October 1993 and thereafter was charged in separate indictments with an assortment of crimes. Pursuant to a written plea agreement, Brown pleaded guilty in 1998 to conspiracy to violate the Hobbs Act, in violation of 18 U.S.C. § 371, and to misprision of a felony, in violation of 18 U.S.C. § 4. He was sentenced to sixty months in prison and three years of supervised release on the conspiracy count and to twenty months in prison and one year of supervised release on the misprision count, with the terms of super-

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

vised release to run concurrently. Brown did not pursue a direct appeal.

Upon completion of his terms of incarceration, Brown began serving his term of supervised release on August 20, 1999. On July 22, 2002, his probation officer filed a petition, asserting that Brown had violated the conditions of his supervised release by, inter alia, conspiring to commit identity theft and financial transaction fraud in Minnesota. On December 16, 2002, the probation officer filed a supplemental petition, asserting that Brown had also been charged in other states with unlawful use of a credit card, forgery, and theft. The district court revoked Brown's term of supervised release and sentenced him to twenty-one months of reincarceration and fifteen months of supervised release.

In his timely appeal, Brown argues that the additional term of incarceration violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it resulted in a total term of incarceration exceeding the combined statutory maximum for his original offenses.

This court reviews de novo the district court's application of the supervised release statutes. *United States v. Marlow*, 278 F.3d 581, 583 (6th Cir.2002).

Upon de novo review, we conclude that the district court properly sentenced Brown. First, we note that the district court did not revoke Brown's term of supervised release for his misprision of felony conviction. Brown had fully served the one-year term of supervised release for that offense as of August 2000. Thus, the revocation of Brown's supervised release concerned only his conspiracy conviction, rather than both offenses.

Second, Brown's sentence was not in violation of *Apprendi*. *See United States v. Liero*, 298 F.3d 1175, 1178 (9th Cir. 2002). *cert. denied*, 537 U.S. 1132, 123 S.Ct.

913, 154 L.Ed.2d 820 (2003). In *Apprendi*, the Supreme Court held that any fact, other than the fact of a prior conviction, which "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The penalty for Brown's conspiracy offense included not only his original term of incarceration, but also his original term of supervised release. *See Liero*, 298 F.3d at 1178. The statutory maximum prison term for conspiracy was five years as set forth at 18 U.S.C. § 371, and the statutory maximum for supervised release was three years as set forth at 18 U.S.C. § 3583(b)(2). *See also* 18 U.S.C. § 3559(a). Once Brown violated the conditions of his supervised release, the district court was authorized, under the version of 18 U.S.C. § 3583(e) in effect at the time of Brown's original offense, to impose a term of reincarceration as well as a new term of supervised release, provided that the total length did not exceed Brown's original term of supervised release. *See Johnson v. United States*, 529 U.S. 694, 707, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000); *see also Marlow*, 278 F.3d at 586–88 (a district court may impose a postrevocation sentence longer than the original term of supervised release pursuant to § 3583(a)). Furthermore, this court has previously rejected the argument that the term of incarceration for a violation of supervised release is limited by the maximum prison sentence for the original offense. *See United States v. Stephenson*, 928 F.2d 728, 730–31 (6th Cir.1991).

Brown's original term of supervised release was three years, and therefore any combination of incarceration and further supervision imposed for violation of supervised release conditions could not exceed that term. The sentence the district court imposed at the violation hearing of twenty-one months in custody followed by sixteen

348

months of supervised release totaled thirty-six months—three years—and therefore fell within the applicable statutory limit.

Accordingly, the district court's order is affirmed.