**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William PARNELL, Defendant–
Appellant.**

**No. 03–50548.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 16, 2004.

Mark R. Rehe, Asst. U.S. Atty., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Angela Marie Krueger, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM\*\*

William Parnell appeals the district court's revocation of his supervised release and his resentencing to a term of imprisonment plus another period of supervised release. We affirm.

Parnell now contends that 18 U.S.C. § 3583(e)(3), which provides for revocation of a term of supervised release and further sentencing after that revocation, is facially unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000).[1]

Parnell did not raise the issue in the district court, and it is, therefore, waived on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999); *United States v. 25445 Via Dona Christa*, 170 F.3d 1161, 1162 (9th Cir.1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996); *see also United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991) (exceptions we may apply). We eschew the suggestion that we should apply an exception to waiver and consider it anyway. *See United States v. Cade*, 236 F.3d 463, 467 (9th Cir.2000).

If the claim were treated as forfeited, rather than waived, it would have to face plain error review. *See* Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 732–37, 113 S.Ct. 1770, 1776–79, 123 L.Ed.2d 508 (1993); *United States v. Perez*, 116 F.3d 840, 844–46 (9th Cir.1997) (en banc). Under no view of the law could it be said that the district court plainly erred

---

1. Parnell also refers to *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 2536, 2537, 159 L.Ed.2d 403 (2004), but that opinion does not affect this case one way or the other.

when it revoked Parnell's supervised release and sentenced him further, if, indeed, it could be said to have erred at all. In fact, both the Supreme Court and this court have had occasion to review and apply the supervised release provisions numerous times. *See, e.g., Johnson v. United States,* 529 U.S. 694, 700–01, 713, 120 S.Ct. 1795, 1800–01, 1807, 146 L.Ed.2d 727 (2000); *United States v. Liero,* 298 F.3d 1175, 1178 (9th Cir.2002); *United States v. Soto–Olivas,* 44 F.3d 788, 792 (9th Cir. 1995); *United States v. Paskow,* 11 F.3d 873, 881 (9th Cir.1993). Moreover, a jury finding has not been required when a district court has determined that there was a violation of a term of supervised release. *See, e.g., United States v. Sesma–Hernandez,* 253 F.3d 403, 405, 407 (9th Cir.2001) (en banc); *see also Morrissey v. Brewer,* 408 U.S. 471, 487–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972). Thus, the district court did not commit plain error when it applied the supervised release statute to Parnell.

AFFIRMED.