UNITED STATES of America,
Plaintiff—Appellee,

v.

Mark ELKSHOULDER, Defendant—
Appellant.

No. 04–30092.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Dec. 9, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also 983 F.2d 1078.

Klaus P. Richter, Esq., Marcia Good Hurd, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

### MEMORANDUM **

Appellant Mark Elkshoulder ("Elkshoulder")'s Sixth Amendment rights were not violated. While he had a right to a hearing and to assistance of counsel before the modification of his supervised release, he waived both. *See* F.R.Crim. P. 32.1(c)(2)(A). His waiver was knowing, voluntary, and intelligent, and not a result of coercion. *See United States v. Stocks,* 104 F.3d 308, 312 (9th Cir.1997). In fact, despite his waiver, Elkshoulder made use of an attorney both in consenting to the changed conditions of his supervised release, and in the revocation hearing.[1] Be-

---

1. Elkshoulder's parole officer informed him when they met that he had a right to have an attorney present, explained the changes to the conditions of Elkshoulder's supervision, and informed Elkshoulder that the conditions would not be executed until Elkshoulder's federal public defender agreed to them. Elkshoulder indicated that he understood and

cause no timely objection was made below, our review is for plain error; there was none here. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ Elkshoulder's claim that the court erred by applying higher statutory sentencing options rather than applying the Chapter 7 Guidelines also fails. In *United States v. Garcia,* 323 F.3d 1161, 1164–65 (9th Cir.2003), we reaffirmed that the sentencing guidelines are not binding, and that as long as a district court considers the policy statements of Chapter 7, it is free to reject them. Here, the district court explicitly rejected the Chapter 7 Guidelines because the original crime was for a "very, very serious offense," and because "within a very short period of returning," Elkshoulder violated one of the main conditions of his supervised release. Moreover, the thirty-month sentence is reasonable. Because the original offense was a Class A felony, under 18 U.S.C. § 3583(e)(3), the judge could have required Elkshoulder to serve up to five years for violating a condition of his supervised release.

■ Finally, Elkshoulder claims that both his original sentence and his sentence for violating supervised release violate *Blakely.* They do not. First, Elkshoulder cannot now employ *Blakely* to attack his original sentence. *Compare United States v. Ameline,* 376 F.3d 967, 974 (9th Cir. 2004) (court could *sua sponte* examine *Blakely's* potential impact on defendant's

agreed to the conditions, and signed a waiver of his right to a hearing, which also waived his right to assistance of counsel. Elkshoulder's public defender subsequently endorsed the changes after reviewing them carefully with his client. A second public defender participated in the revocation hearing and sentencing on Elkshoulder's behalf.

sentence where *Blakely* was decided while defendant's appeal was pending), *with United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002) (holding *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not apply retroactively to cases on initial collateral review). Elkshoulder's original sentence is not the basis of his pending appeal; this claim is foreclosed. Second, *Blakely* does not apply to resentencing for a violation of supervised release. *Cf. United States v. Liero,* 298 F.3d 1175, 1178 (9th Cir.2002) (supervised release, like imprisonment, is part of a sentence; so it does not violate *Apprendi* ).[2]

AFFIRMED.

2. Elkshoulder's assertion in his supplementary opening brief that he lacked fair notice of the risk of exposure is untimely and in any case lacks merit. The statutory provisions of 18 U.S.C. § 3583 were listed in his December 24, 1991 presentence report, and his parole officer and federal public defender carefully explained to him the conditions of his supervised release (including, presumably, that one can be imprisoned for violating them).