**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jason Townsend BIRD, Defendant–
Appellant.**

No. 06–30041.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed Jan. 24, 2007.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy Staab, Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

BEFORE: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER,** District Judge.

### MEMORANDUM ***

Jason Townsend Bird (Bird) appeals his sentence of thirty-six months imposed upon revocation of his supervised release. He contends that 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(b)(2) are unconstitutional and that the sentence is unreasonable because the district judge considered factors impermissible under § 3583(e). He also complains that the judgment erroneously stated that he admitted guilt. We affirm the sentence and remand for correction of the clerical error in the judgment.

Because we write only for the parties, we recite the facts only to the extent necessary to our decision.

■ 1. Bird argues that 18 U.S.C. § 3583(e) and Rule 32.1(b)(2) are unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because they permit the imposition of punishment for a supervised release violation without a jury verdict. We rejected this argument in *United States v. Huerta–Pimental*, 445 F.3d 1220 (9th Cir. 2006), in which we held that neither *Booker* nor *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), are implicated in supervised release, its revocation or associated penalties because they are part of the original sentence and require no impermissible judicial fact finding. *Huerta–Pimental*, 445 F.3d at 1225; *see also United States v. Liero*,

298 F.3d 1175, 1178 (9th Cir.2002). Bird's thirty-six month sentence fell within the term of supervised release imposed in the original sentence and thus did not expose him to any additional penalty.

■ 2. Bird further argues that his sentence was unreasonable because the court considered factors impermissible under 18 U.S.C. § 3583(e), i.e., the defendant's prior criminal history and a dismissed allegation. Section 3583(e) does not address the factors to which Bird refers. It does require the court, in imposing a sentence, to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The court did that in its sentencing statement when it focused on Bird's failure to stay out of trouble and to conform his conduct to the requirements of society. Even if the court did rely on impermissible factors, it did not rely primarily on those factors and did not commit plain error.[1]

■ 3. Finally, Bird complains that the judgment incorrectly states that he admitted guilt, resulting in potential prejudice in other proceedings. The record reflects that the parties agreed that the defendant would admit that he was arrested for three of the charged violations. There was no admission of guilt. Thus, the judgment should be corrected by checking the box below the one admitting guilt stating, "The Defendant was found in violation of conditions ... after denial of guilt." This is a clerical error which the district court should correct on remand pursuant to Federal Rule of Criminal Procedure 36. *See*

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In its findings and conclusions, the court recited all of the § 3553(a) factors, including those not mentioned in § 3583(e), but the record does not reflect that the court based the sentence primarily on the omitted factors. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir.2006).

*United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000).

AFFIRMED IN PART AND RE-MANDED.