**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4222**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMARIO JERROD SIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:11-cr-02114-RMG-1)

Submitted:  January 25, 2019                                    Decided:  January 29, 2019

Before AGEE and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William Wharton Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Jamie L. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimario Jerrod Simmons appeals the district court's order revoking his supervised release and sentencing him to 18 months of imprisonment, followed by 18 months of supervised release. On appeal, Simmons challenges the court's revocation judgment, asserting that the court made errors on the face of the judgment. For the reasons that follow, we affirm.

Simmons first argues that, in the amended judgment, the district court erroneously checked the box on the judgment form indicating that Simmons was found guilty of the supervised release violations after denying his guilt. Here, the supervised release violation report charged Simmons with two instances of new criminal conduct after twice being arrested on state charges and with two other minor violations. At the revocation hearing, Simmons asserted that he had no objection to the report, but did not admit his guilt of the underlying state charges and averred that he intended to fight those charges in state court. In the amended judgment, the district court checked the box indicating that Simmons was found guilty of the supervised release violations after denying his guilt, rather than the box indicating that he admitted the violations. This was not erroneous. *Cf. United States v. Bird*, 219 F. App'x 713, 714 (9th Cir. 2007) (No. 06-30041) (remanding for court to amend judgment from stating that defendant admitted guilt to stating that defendant was found guilty after denial of guilt where defendant admitted only that he was arrested for state charges but did not admit guilt of those offenses).

Simmons also argues that the district court erroneously failed to remove the condition for drug testing from the revocation judgment. However, at the revocation

2

hearing, the district court made clear that it intended to impose only the mandatory drug testing condition and not a special condition of supervised release for any drug testing beyond that required in the mandatory condition. The revocation judgment accurately reflects this ruling.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*