**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LAZARO HUERTA-PIMENTAL, aka
Jose Huerta,
            *Defendant-Appellant.*

No. 04-50037

D.C. No.
CR-97-03128-NAJ

OPINION

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Submitted April 12, 2006*
Pasadena, California

Filed April 24, 2006

Before: Harry Pregerson, A. Wallace Tashima, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Paez

_____

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

4565

**COUNSEL**

Angela M. Krueger, Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Carol C. Lam, United States Attorney, Joseph H. Huynh, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

PAEZ, Circuit Judge:

Huerta-Pimental appeals the revocation of his term of supervised release and the subsequent imposition of additional imprisonment for violating the conditions of release. Specifically, Huerta-Pimental asserts that the district court lacked jurisdiction to revoke his term of supervised release and to impose a new term of imprisonment because the original imposition of supervised release as a part of his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Huerta-Pimental argues that, because the statute under which he was convicted, 8 U.S.C. § 1326, does not mandate the imposition of supervised release, the district court exposed him to additional punishment beyond the maximum sentence authorized by § 1326 by imposing it pursuant to 18 U.S.C. § 3583. Huerta-Pimental also directly challenges the revocation proceedings under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).[1]

_____

[1]We deferred submission of Huerta-Pimental's appeal pending the Supreme Court's decision in *Booker*, and ordered supplemental briefing

We conclude § 3583 supervised release is constitutional under *Apprendi*, *Blakely*, and *Booker*. Because supervised release is imposed as part of the sentence authorized by the fact of conviction and requires no judicial fact-finding, it does not violate the Sixth Amendment principles recognized by *Apprendi* and *Blakely*. For the same reasons, a district court's decision to revoke supervised release and impose associated penalties is also constitutional. Additionally, because the revocation of supervised release and imposition of an additional term of imprisonment is discretionary, neither violates *Booker*. Accordingly, we affirm.

I

In 1998, the District Court for the Southern District of California sentenced Huerta-Pimental to sixty-three months of imprisonment followed by three years of supervised release after he pled guilty to attempting to enter the United States illegally, in violation of 8 U.S.C. § 1326(a), (b)(2). Upon completion of his prison term, Huerta-Pimental was removed to Mexico. Approximately five months later, in April 2003, he was again arrested for attempting to reenter the United States illegally. He again pled guilty to a § 1326 violation, this time in the District Court for the Western District of Texas, which sentenced him to seventy months of imprisonment.

Three months later, on petition by a Southern District of California probation officer, Huerta-Pimental was brought back before the same district judge who sentenced him in 1998 for a supervised release revocation hearing. At that hearing, he argued that the court lacked jurisdiction to revoke his

on the impact of that case and our own *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). Because Huerta-Pimental limits his *Booker* challenge only to the revocation of supervised release rather than its original imposition, we limit our *Booker* analysis to the revocation of supervised release.

term of supervised release and impose additional prison time because its initial imposition was unconstitutional under *Apprendi*. The court disagreed. It found that Huerta-Pimental violated the conditions of supervised release imposed in 1998. The court then revoked the remainder of that term pursuant to 18 U.S.C. § 3583(e)(3) and imposed twenty-four months of imprisonment. This timely appeal followed.

## II

This court has jurisdiction to review criminal sentences under 18 U.S.C. § 3742 and judgments of conviction as final orders under 28 U.S.C. § 1291. We review *de novo* the constitutionality of a statute as a question of law. *See United States v. Carranza*, 289 F.3d 634, 643 (9th Cir. 2002).

## III

Huerta-Pimental challenges the district court's revocation of supervised release and the imposition of an additional term of imprisonment by attacking indirectly the court's original inclusion of supervised release as part of his 1998 sentence. He argues that, because § 1326 does not mandate the imposition of supervised release, the district court's decision to impose it under 18 U.S.C. § 3583(a)[2] unconstitutionally exposed him to punishment beyond the maximum authorized by § 1326 in violation of *Apprendi*. Huerta-Pimental argues that, as a result, the district court lacked jurisdiction to revoke

---

[2]Section 3583(a) provides:

The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

supervised release and impose an additional term of imprisonment. We disagree.

Huerta-Pimental's argument rests on a mistaken conception of the nature of supervised release within the federal sentencing structure and of 18 U.S.C. § 3553(a)'s sentencing factors. Supervised release is an integral part of the federal sentencing structure, similar in purpose and scope to its predecessor, parole. *See Johnson v. United States*, 529 U.S. 694, 696-97, 708-09 (2000) (discussing the replacement of supervised release for parole by the Sentencing Reform Act of 1984 and the underlying congressional policy to provide it as a mechanism "to improve the odds of a successful transition from the prison to liberty"). Supervised release "as part of a sentence" is expressly authorized by § 3583 whether or not it is mandated by a statute of conviction or otherwise.[3] 18 U.S.C. § 3583(a) (1998).

When determining whether to impose a term of supervised release under § 3583, a sentencing court must consider various sentencing factors listed in § 3553(a). The court must also impose certain conditions with which the defendant must comply while on supervised release. *See* 18 U.S.C. § 3583(c), (d). A court may also exercise its discretion to "modify, reduce or enlarge" the conditions of supervised release as warranted. 18 U.S.C. § 3583(e). Finally, a sentencing court may "revoke a term of supervised release, and require a defendant to serve in prison all or part of the term" if it finds by a preponderance of the evidence that the defendant violated any of its conditions. *Id.*

---

[3]Although the then mandatory Sentencing Guidelines required the imposition of supervised release at the time Huerta-Pimental was originally sentenced, *see* U.S.S.G. § 5D1.1(a), Huerta-Pimental argues only that imposition in his case pursuant to § 3583 was unconstitutional under *Apprendi*. Accordingly, we address only *Apprendi*'s effect on discretionary imposition under § 3583.

**[1]** Huerta-Pimental argues that, both generally and in his case, this supervised release scheme violates the constitutional holdings of *Apprendi* and *Blakely*. In those cases, the Supreme Court reiterated that the Sixth Amendment requires any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to a jury and proved beyond a reasonable doubt, unless such facts are admitted by a defendant or found by a judge following a defendant's knowing and voluntary waiver. *See Apprendi*, 530 U.S. at 476; *Blakely*, 542 U.S. at 303, 309.

**[2]** As to the imposition of supervised release, Huerta-Pimental's argument assumes that the terms of a statute of conviction alone govern the scope of punishment that may be imposed at sentencing. Huerta-Pimental argues that, because § 1326 does not expressly provide for the inclusion of supervised release, *see* 8 U.S.C. § 1326 (providing that after conviction "such alien shall be fined under title 18, United States Code, imprisoned . . . or both"), including it as part of a sentence pursuant to § 3583(a) amounts to additional punishment beyond the maximum authorized by the statute of conviction. This assumption is incorrect. Section 3583, one of several statutes that together govern the federal criminal sentencing structure, authorizes the imposition of supervised release upon conviction of a qualifying offense.[4] *See United States v. Montenegro-Rojo*, 908 F.2d 425, 431-32 (9th Cir. 1990) (holding § 3583(a) "itself authorizes a term of supervised release in addition to a maximum term of imprisonment" authorized by the statute of conviction). Indeed, it is well settled that supervised release, whether or not mandated by the

---

[4] *See, e.g.*, 18 U.S.C. §§ 3553 (requiring the court to impose an appropriate sentence upon conviction), 3571 (permitting a court to impose a fine as part of a sentence). Thus, upon conviction of a qualifying offense, a federal criminal sentence may include a fine, imprisonment, and supervised release. A violation of § 1326 is a qualifying offense. *See* 8 U.S.C. § 1326 (directing that violators be sentenced "under title 18, United States Code").

statute of conviction, is not additional punishment. Instead, it is part of the original sentence authorized by conviction. *See* 18 U.S.C. § 3583(a) (expressly authorizing a court to include "as part of the sentence" a term of supervised release); *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) ("By the plain language of the statute, supervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence.' . . . Thus, the entire sentence, including the period of supervised release, is the punishment for the original crime." (citations omitted)). It is immaterial for our *Apprendi* analysis that § 1326 does not itself mandate the imposition of supervised release.

**[3]** Moreover, § 3583 does not, as Huerta-Pimental argues, require constitutionally impermissible judicial fact-finding. As noted, when imposing supervised release, § 3583 directs that a sentencing judge "shall consider" various factors listed in § 3553(a). 18 U.S.C. § 3583(a), (e). Those factors, however, simply guide a judge's exercise of discretion. They are not a "checklist of requisite[ ]" facts, each of which a judge must find before imposing a term of supervised release. *United States v. Johnson*, 998 F.2d 696, 698 (9th Cir. 1993).

**[4]** Thus, Huerta-Pimental's challenge to the district court's imposition of supervised release simply fails to engage *Apprendi*. The inclusion of a term of supervised release as a part of Huerta-Pimental's original sentence neither exposed him to additional punishment above the statutory maximum nor required the court to engage in constitutionally impermissible judicial fact-finding. In holding that *Apprendi* has no effect on the imposition of § 3583 supervised release, we join the First Circuit which has reached the same conclusion. *See United States v. Work*, 409 F.3d 484, 489-91 (1st Cir. 2005) (finding no *Apprendi/Blakely* error in the imposition of supervised release under § 3583).

Accordingly, we reject Huerta-Pimental's *Apprendi* challenge and his related argument that the district court lacked jurisdiction to revoke his supervised release.

IV

Huerta-Pimental also challenges directly the district court's supervised release revocation and imposition of additional imprisonment under *Booker*, 543 U.S. at 230-31. Huerta-Pimental argues that revocation is unconstitutional because *Booker* makes *Apprendi* applicable to a judge's preponderance of the evidence finding that a defendant has violated the conditions of supervised release. *See* 18 U.S.C. § 3583(e)(3). Again, we disagree.

**[5]** Reasoning from its Sixth Amendment holding in *Apprendi*, the Supreme Court in *Booker* held that, in so far as the federal Sentencing Guidelines were mandatory, they were unconstitutional. 543 U.S. at 230-31, 244. The Court remedied that infirmity by making the Guidelines advisory. *See id.* at 258-59 (severing and excising their mandatory provisions, 18 U.S.C. §§ 3553(b)(1), 3742(e)). Subsequently, in *Ameline*, this court recognized that, in addition to the constitutional error directly addressed in *Booker*, nonconstitutional plain error exists in every case where a sentence was imposed by a district judge who, before *Booker*, treated the Guidelines as mandatory but would have imposed a materially different sentence had the judge known that the Guidelines were advisory. 490 F.3d at 1084-85. Having considered Huerta-Pimental's argument, we conclude that *Booker* has no effect on the revocation of supervised release. It is clear from *Booker* that there is no Sixth Amendment *Apprendi* violation so long as the Guidelines are advisory. 543 U.S. at 226-27.

**[6]** Because the revocation of supervised release and the subsequent imposition of additional imprisonment is, and always has been, fully discretionary, it is constitutional under *Booker*. *See* U.S.S.G. ch. 7 (promulgating advisory policy statements concerning violations of probation and supervised release); 18 U.S.C. § 3583(e)(3) (authorizing, but not requiring, revocation and subsequent imprisonment following a violation of supervised release conditions). Nor is there

nonconstitutional *Booker* error in appellant's case. Despite the likelihood that the district court considered the Guidelines mandatory when it imposed Huerta-Pimental's original sentence in 1998, it is implausible that, given their expressly advisory nature in the context of a supervised release revocation proceeding, the district court would have considered them mandatory at the 2003 revocation hearing.

Moreover, as above, Huerta-Pimental's argument again fails to engage *Apprendi*. We have held unequivocally that imposition of imprisonment following the revocation of supervised release is part of the original sentence authorized by the fact of conviction and does not constitute additional punishment beyond the statutory maximum. *See United States v. Liero*, 298 F.3d 1175, 1178 (9th Cir. 2002) (affirming circuit precedent holding that "the punishment for violating the conditions of supervised release is itself a part of the original sentence"). Nor does a judge's finding, by a preponderance of the evidence, that defendant violated the conditions of supervised release raise Sixth Amendment concerns. There is no right to a jury trial for such post-conviction determinations. *See Morrissey v. Brewer*, 408 U.S. 471, 480-88 (1972) (holding that parole revocation proceedings require only basic due process rather than the full protection of the Sixth Amendment because they are "not part of a criminal prosecution"); *United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005) (holding parole, probation, and supervised release are "constitutionally indistinguishable" and thus, subject to the same analysis).

[7] We note, again, that our analysis of *Booker*'s impact on supervised release revocation comports with that of our sister circuits that have addressed the issue. *See Work*, 409 F.3d at 492 (holding that, because the portions of the Guidelines dealing with revocation of supervised release were deemed advisory even before *Booker* and remain so, "resort to them, cannot constitute *Booker* error'); *United States v. McNeil*, 415 F.3d 273, 276 (2d Cir. 2005) (concluding the supervised

release revocation scheme "remains unaffected by *Booker*"); *United States v. Hinson*, 429 F.3d 114, 116-117 (5th Cir. 2005) (holding that, because revocation is discretionary, *Booker*'s Sixth Amendment concerns "do not exist with regard to sentences imposed when supervised release is revoked"); *United States v. Coleman*, 404 F.3d 1103, 1104 (8th Cir. 2005) ("Indeed, the advisory sentencing guidelines scheme that *Booker* creates is precisely what prevailed before *Booker* with respect to fixing penalties for violating the kind of release conditions . . . [defendant] violated . . . .").

V

**[8]** The district court's ruling that *Apprendi* does not render § 3583 supervised release unconstitutional was correct. Supervised release, its revocation, and associated penalties are part of the original sentence authorized by the fact of conviction, none of which requires impermissible judicial fact-finding. Nor does the revocation of supervised release run afoul of either the Supreme Court's holding in *Booker* or our own in *Ameline*; it remains a valid part of the federal sentencing scheme.

AFFIRMED.