**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Enrique MIRANDA–SANCHEZ,
Defendant—Appellant.**

No. 05–50059.

United States Court of Appeals,
Ninth Circuit.

Submission deferred Feb. 28, 2006.

Resubmitted July 3, 2006.*

Filed July 6, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Paul Starita, U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Joan Kerry Bader, Esq., San Diego, CA, for Defendant—Appellant.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Enrique Miranda–Sanchez ("Miranda") appeals his jury conviction and sentence for illegal reentry following removal, in violation of 8 U.S.C. § 1326. We affirm. Because the parties are familiar with the facts of the case, we need not recount them here.

### I.

Miranda makes three arguments as to why the 1991 deportation underlying his § 1326 conviction is invalid and violative of due process, but they are unavailing.

■ First, Miranda was not prejudiced when the Immigration Judge did not inform him of his rights under INA § 212(h), codified at 8 U.S.C. § 1182(h). Miranda cannot demonstrate a " 'plausible ground' for relief from deportation," because he cannot make the requisite showing that his deportation would "impose an 'extreme hardship' on [him] or lawful resident family members." *See United States v. Muro–Inclan*, 249 F.3d 1180, 1184 (9th Cir.2001). The evidence Miranda presents demonstrates "difficulties in having to move [his] family elsewhere and anticipated difficulties in finding work," which under our case law are merely "the common results of deportation," not extreme hardship. *See id.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Second, Miranda was not eligible for relief under INA § 245(a), codified at 8 U.S.C. § 1255(a). For § 245 relief of adjustment of status, an alien must meet three conditions: "(1) the alien applies for such adjustment, (2) he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Miranda fails the second and third conditions of the test, because he entered the United States without inspection, making him inadmissible under 8 U.S.C. § 1182(a)(6)(A)(I), and because there is no evidence that a visa was available to him at the time of his deportation in 1991.[1]

■ Third, Miranda was not denied due process when he was granted voluntary removal on April 2, 1990. Relying on *Salgado–Diaz v. Gonzales*, 395 F.3d 1158 (9th Cir.2005), he argues that he was denied information about the appealability of the denial of his application for adjustment of status, and that he was removed before receiving a hearing. These infirmities do not invalidate Miranda's 1991 deportation, however, because Miranda had already been deported prior to 1990, and had also committed a felony, grand theft by embezzlement, by the time of his 1991 deportation. The court in *Salgado–Diaz* indicated that the defendant would not have been prejudiced *but for* the improper removal that occurred in that case. *See id.* at 1163–65. Even if his 1990 grant of voluntary removal was improper, Miranda cannot show that he would not have been prejudiced but for that removal.

## II.

■ The district court did not err in determining that grand theft by embezzlement qualifies as an aggravated felony.

Under the first step of analysis under the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the applicable statute at issue here is overbroad with respect to the generic definition of theft. We have adopted a generic definition of theft offense containing the following elements: "[1] a taking of property or an exercise of control over property [2] without consent [3] with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *United States v. Corona–Sanchez*, 291 F.3d 1201, 1205 (9th Cir.2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2, cmt. n. 4 (2002).

In *Corona–Sanchez*, we held that § 484(a) of the California Penal Code was too broad because it criminalizes conduct not included in the generic definition of theft, such as theft of labor or services. *Id.* at 1208. So does § 487, under which Miranda was prosecuted. The inclusion of theft of labor and services in § 487 is sufficient to preclude a finding that a conviction for grand theft by embezzlement under § 487 facially qualifies as an aggravated felony. Thus, "the state statute[ ] at

---

1. Miranda originally filed for adjustment of status pursuant to INA § 245A, codified at 8 U.S.C. § 1255a. On appeal, he makes arguments under INA § 245(a), thus forfeiting any arguments he might have made under § 245A. However, he would have been ineligible for relief under § 245A as well. For § 245A relief of adjustment of status, "[t]he alien must establish that he entered the United States before January 1, 1982, and that he has resided continuously in the United States in an unlawful status since such date and through the date the application is filed." 8 U.S.C. § 1255a(a)(2)(A). Miranda was deported from the United States on September 2, 1987 and, therefore, was not eligible for this form of relief.

issue criminalize[s] conduct that would not constitute a theft offense under federal sentencing law." *Id.*

However, under the second step of *Taylor* analysis—the "modified" categorical approach—we find that Miranda pled guilty to all of the elements of the generic crime. *Corona–Sanchez,* 291 F.3d at 1211.

The Felony Complaint filed against Miranda, taken together with the Certificate and Order of Magistrate, demonstrate that Miranda pled to all of the essential elements of the generic offense: (1) a taking of property, (2) without consent, and (3) with the criminal intent to deprive the owner of rights and benefits of ownership. Miranda's felony conviction was properly classified as an aggravated felony for purposes of the Sentencing Guidelines, and the district court's enhancement of his sentence was therefore proper.

Finally, we note that the retroactive application of the new aggravated felony definition, pursuant to IIRIRA § 321, is not unconstitutional. In *Cordes v. Gonzales,* we expressly held that "the retroactive application of section 321 of IIRIRA is rationally related to a legitimate governmental purpose," and thus satisfies due process. 421 F.3d 889, 895 (9th Cir.2005).

### III.

■ The district judge properly considered Miranda's prior convictions in holding that the maximum potential sentence for his § 1326 conviction was twenty years, not two. The fact of a prior conviction used for sentencing purposes in a § 1326 conviction need not be charged or proven beyond a reasonable doubt. *See Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Furthermore, as we noted in *United States v. Pacheco–Zepeda,*

the rules of *Apprendi* and *Almendarez–Torres* can be reconciled .... the government is not required to include [a defendant's] prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt, and the district court properly considered such convictions in sentencing.

234 F.3d 411, 415 (9th Cir.2001). In other words, "unless and until the Supreme Court *expressly* overrules it, *Almendarez–Torres* controls [in cases such as this]." *Id.* (emphasis added).

### IV.

■ Under Sentencing Guidelines § 3E1.1, the district court may grant a two-point reduction in offense level where the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Departure may be appropriate in rare instances where the defendant needs to go to trial, e.g., if he needs to preserve certain issues for appeal such as a "constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct." *Id.,* cmt. n. 2.

Miranda's case resembles *United States v. Sotelo,* 109 F.3d 1446 (9th Cir.1997), where the defendant was not entitled to a reduction even though he attempted to enter into a plea agreement, waived his *Miranda* rights after arrest, and presented only a minimal defense of one witness. Miranda presented a defense on one of the essential elements of the crime charged, intent. Furthermore, he did not need to go to trial to preserve his argument concerning the deportations underlying his § 1326 indictment, and the remainder of his arguments on appeal relate to sentencing, not guilt. Because of the rarity with which such departures are meant to be granted, the facts in this case do not leave us with the "definite and firm conviction

that an error has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (internal quotation marks omitted). The district court did not clearly err in declining to grant a two-level reduction. *See Sotelo,* 109 F.3d at 1450.

## V.

 "Because supervised release is imposed as part of the sentence authorized by the fact of conviction and requires no judicial fact-finding," the supervised release statute, 18 U.S.C. § 3583, does not violate the Sixth Amendment. *United States v. Huerta–Pimental,* 445 F.3d 1220, 1221 (9th Cir.2006). Thus, the district court's imposition of supervised release was constitutional. Likewise, the district court's decision to *revoke* supervised release was constitutional. *Id.* Furthermore, the revocation of Miranda's supervised release was discretionary, and did not violate *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Huerta–Pimental,* 445 F.3d at 1221.

## VI.

Miranda's sentence is not invalid under *Booker,* 543 U.S. 220, 125 S.Ct. 738. The district judge at the sentencing hearing, which was held six days after *Booker* was decided, stated that "[t]he Guidelines are advisory at this point. . . . They are not binding. They are not mandatory. . . ." He reiterated this point later in the hearing, stating that "[t]he Guidelines are simply one of the factors among several factors" that must be considered upon sentencing pursuant to 18 U.S.C. § 3553(a). Thus, it is apparent that while the district court may have given the Sentencing Guidelines considerable weight, it

did not abuse its discretion; the lesson of *Booker* was heard loud and clear.

**AFFIRMED.**

Judge THOMAS concurs in the judgment.