**UNITED STATES of America,** Plaintiff–Appellee,

v.

**John Kalani LINCOLN, Defendant–** Appellant.

Nos. 05–10260, 05–10261.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 26, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Brady, Esq., Office of the U.S. Attorney PJKK Federal Building, Honolulu, HI, for Plaintiff-Appellee.

Shawn A. Luiz, Esq., Honolulu, HI, for Defendant-Appellant.

John Kalani Lincoln, U.S. Penitentiary (McCreary), Pine Knot, KY, pro se.

Before SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,** Senior Judge.

## MEMORANDUM ***

Defendant–Appellant John Kalani Lincoln appeals the district court's decision to

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publi-

revoke his supervised release and to sentence him to 60 months imprisonment. We affirm.

 The district court did not abuse its discretion by revoking Lincoln's supervised release and sentencing Lincoln to 60 months after Lincoln admitted to violating conditions of supervised release. United States Sentencing Guidelines § 7B1.4 recommends a sentence of 6 to 12 months for a revocation of supervised release. However, § 7B1.4 is a non-binding Policy Statement recommendation. The district court was authorized under 18 U.S.C. § 3583(b)(1) to sentence Lincoln to up to 60 months because some of his underlying convictions were Class A felonies. *See United States v. Tadeo*, 222 F.3d 623, 626 (9th Cir.2000) (holding that "merely advisory policy statements" may be "freely rejected by a district court without abusing its discretion, if the sentence actually imposed is within the statutory maximum."). We also reject the argument that the 60–month sentence for supervised release violations imposed in 2004 somehow breached the original plea agreement from 1994. The plea agreement placed no limits upon either the term of supervised release or the possible sentence upon revocation thereof.

 Next, the decision below is not unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *"Booker* has no effect on the revocation of supervised release" because "the revocation of supervised release and the subsequent imposition of additional imprisonment is, and always has been, fully discretionary." *United States v. Huerta–Pimental*, 445 F.3d 1220, 1224 (9th Cir.2006). Moreover, "supervised release is imposed as part of the sentence *authorized by the fact of conviction and requires no judicial fact-finding." Id.* at 1221 (emphasis added). The district court was authorized under 18 U.S.C. § 3583(e)(3) to revoke supervised release after finding by a preponderance of the evidence that Lincoln had violated its conditions.

 We also reject Lincoln's claim that his Fifth Amendment privilege against self-incrimination was violated by the district court's failure to warn him before it elicited his admissions concerning the alleged violations. The record shows that at the beginning of the revocation hearing, Lincoln's lawyer, in Lincoln's presence, informed the district court that his client intended to admit the allegations. Then, when Lincoln himself was called upon by the court to admit or deny the allegations, he replied, "I admit." Moreover, after being informed of the possible 60–month sentence, Lincoln was given an opportunity to speak. He neither expressed surprise, voiced an objection, nor sought to recant his admissions. No violation of the Fifth Amendment occurred.

We decline to address Lincoln's claims of ineffective assistance of counsel. As a general rule, we does not review challenges to the effectiveness of defense counsel on direct appeal. *United States v. Labrada–Bustamante*, 428 F.3d 1252, 1260 (9th Cir.2005).

 Finally, because the district court reiterated its reasons for sentencing Lincoln to 60 months-namely, Lincoln's serious criminal history and the aggravated supervised release violations-it did not

cation and may not be cited to or by the courts of this circuit except as provided by

9th Cir. R. 36–3.

abuse its discretion in denying Lincoln's motion to reconsider.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

RAWLINSON, Circuit Judge.

I concur in the result.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.