**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Katherine Marie GABLE, Defendant—
Appellant.**

No. 05–30608.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Kris A. McLean, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., FDMT—Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Katherine Maria Gable appeals from the district court's judgment revoking her probation and imposing a 12–month term of imprisonment following a finding that she violated conditions of release in a previous sentence for fraudulent use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gable contends, without citation to any authority, that the probation revocation sentence constituted an unauthorized upward departure. Gable argues, in the alternative, that her revocation sentence violates *United States v. Booker*, 543 U.S. 220, 258, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because, although it fell within the range recommended by the Chapter 7 policy statement, she is entitled to a sentence no greater than the Guidelines range for the underlying conviction. These contentions are unavailing. *See United States v. Huerta–Pimental*, 445 F.3d 1220, 1221 (9th Cir.2006).

Gable also contends that the sentence was unreasonable because the district court failed to give sufficient explanation. We disagree. The statute does not require the district court to state its reasons when sentencing within the range recommended by the Chapter 7 policy state-

ments. *See* 18 U.S.C. § 3553(c) (requiring that the court state the specific reason for the imposition of a sentence outside the range provided by Chapter 7); *United States v. Miqbel*, 444 F.3d 1173, 1177 (9th Cir.2006).

Gable further contends that retroactive application of *Booker's* remedial holding violates ex post facto principles. This contention is also unavailing. *See United States v. Staten*, 450 F.3d 384, 387–90 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

