**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Julieta A. MORALES, Defendant— Appellant.**

**No. 05–50595.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 4, 2006.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy R. Garrison, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Julieta A. Morales appeals from her 10-month sentence imposed by the district court following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Morales contends that the district court failed to adequately state its reasons for the sentence imposed. However, the court emphasized Morales' history of substance abuse, stated that it agreed with the recommendation set forth by the Probation Office, and imposed a sentence at the high end of the applicable Guidelines range of 4 to 10 months. We conclude that the court did not commit plain error. *See United States v. Lockard*, 910 F.2d 542, 546 (9th Cir.1990) (holding that 18 U.S.C. § 3553(c) only requires a court to state "general reasons for its imposition of the particular sentence").

Morales also contends that her sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The record indicates, however, that the court properly considered Morales' personal characteristics, the circumstances of her violations of supervised release, and the need for the sentence imposed to address Morales' history of substance abuse, and that she was sentenced within her applicable Guidelines

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

range. We conclude that the resultant sentence was reasonable in light of the particular factors set forth in 18 U.S.C. § 3553(a) which the court may consider upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e). *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 769–71 (9th Cir.2006) (holding that a sentence was not unreasonable where the district court considered the defendant's criminal history, the Guidelines range, and other relevant factors set forth by 18 U.S.C. § 3553(a)).

Morales further contends that the supervised release revocation procedure set forth in 18 U.S.C. § 3583 and Federal Rule of Criminal Procedure 32.1(b) is unconstitutional. This contention is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220, 1224–25 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.