**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Virginia Agustin TANIGUCHI, Defendant—Appellant.**

**No. 04–10474.**

United States Court of Appeals, Ninth Circuit.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted July 24, 2006.*

Decided Aug. 4, 2006.

J. Michael Seabright, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Michael A. Weight, Esq., Peter Wolff, Esq., Office of the Federal Public Defender, Assistant Federal Defender, Honolulu, HI, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Virginia Agustin Taniguchi appeals from the district court's order revoking her supervised release and imposing a 33–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Taniguchi contends that the term of imprisonment imposed by the court upon revocation of supervised release, when combined with the original term of imprisonment, exceeds the maximum term of imprisonment authorized by the United States Sentencing Guidelines, and therefore violates her rights pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This contention is foreclosed by *United States v. Huerta–Pimental*, 445 F.3d 1220, 1224–25 (9th Cir.2006) (holding that "[b]ecause the revocation of supervised release and the subsequent imposition of additional imprisonment is, and always has been, fully discretionary, it is constitutional under *Booker*," and reaffirming that "imposition of imprisonment following the revocation of supervised release is part of the original sentence authorized by the fact of conviction and does not constitute additional punishment beyond the statutory maximum").

Taniguchi also contends that double jeopardy bars the imposition of a term of imprisonment following revocation of supervised release which, when combined with the term of imprisonment following her original conviction, exceeds the Guidelines maximum. This court, however, has rejected the contention that revocation of supervised release triggers double jeopardy. *See United States v. Soto–Olivas*, 44 F.3d 788, 791 (9th Cir.1995).

Finally, Taniguchi's contention that ex post facto principles preclude retroactive application of *Booker* lacks merit. *See United States v. Dupas*, 419 F.3d 916, 920–21 (9th Cir.2005) (rejecting an ex post facto challenge to the retroactive application of *Booker* ).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.