**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5168

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CELESTINE FAULKS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (CR-97-146)

Submitted: August 31, 2006          Decided: September 19, 2006

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy V. Anderson, ANDERSON GOOD, Virginia Beach, Virginia, for Appellant. Alan Mark Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Celestine Faulks appeals the district court's order revoking her supervised release and sentencing her to thirty-six months' imprisonment. Faulks' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues to raise on appeal, but arguing the supervised release statute, 18 U.S.C. § 3583 (2000) is unconstitutional under Booker,* and that it was improper for the district court to conduct the supervised release revocation hearing prior to Faulks being tried and convicted in state court. In her pro se supplemental brief, Faulks further contends that the Government presented insufficient evidence to support the district court's finding that she engaged in criminal conduct violative of the terms of her supervised release. Because our review of the record discloses no meritorious issues and no error by the district court, we affirm the revocation order and the sentence imposed.

We reject Faulks' constitutional claim as there is no basis in law to support the argument that Booker invalidated the supervised release statute, 18 U.S.C. § 3583 (2000), or rendered it unconstitutional. See Booker, 543 U.S. at 258 (enumerating those portions of the Sentencing Reform Act that were still valid, including the supervised release statute); United States v. Huerta-Pimental, 445 F.3d 1220, 1224 (9th Cir. 2006) (holding that

---

*United States v. Booker, 543 U.S. 220 (2005).

- 2 -

"[b]ecause the revocation of supervised release and the subsequent imposition of additional imprisonment is, and always has been, fully discretionary, it is constitutional under Booker").

We also reject Faulks' assertion that the district court erred in conducting the violation hearing before Faulks was tried in state court. As the district court noted, the supervised release violation hearing was completely separate and distinct from any state court proceeding that may arise, and the court's findings had no impact or res judicata effect thereon.

We further reject the contention that the Government's proof was insufficient to support the district court's decision. The Government presented the testimony of several women who explained the fraudulent scheme masterminded by Faulks and her role therein. The district court was well within bounds to reject Faulks' version of events — as well as her claim that another woman was the true perpetrator of the fraud — as incredible.

Lastly, though Faulks does not expressly challenge the duration of her sentence, we find the sentence was reasonable. As we recently discussed in United States v. Crudup, ___ F.3d ___, 2006 WL 2243586 (4th Cir. 2006), we review sentences imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable." Because Faulks' sentence was within the applicable statutory maximum, and neither procedurally nor substantively unreasonable, we find it was not plainly

unreasonable. In imposing this sentence, the district court adequately considered the policies underlying the supervised release statute, the various applicable sentencing factors, and the available sentencing options.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's order revoking Faulks' supervised release and imposing a thirty-six-month sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>