**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Salvador ESTRELLA–ACOSTA,**
**Defendant–Appellant.**

**No. 05–50596.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Salvador Estrella–Acosta appeals from the sentence imposed following revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Estrella–Acosta contends that the revocation of his supervised release violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Specifically, he contends that the revocation procedure is unconstitutional because it allows for an additional term of imprisonment not authorized by the jury's verdict, and because it permits revocation based on judge-found facts established only by a preponderance of the evidence. Estrella–Acosta also asserts that his contentions are not foreclosed by *United States v. Huerta–Pimental*, 445 F.3d 1220 (9th Cir. 2006). We disagree. *See id.* at 1225 (holding that the revocation of supervised release and the resulting punishment is part of the original sentence and requires no impermissible judicial fact-finding, and that because revocation and the imposition of additional punishment are discretionary, neither violate *Booker* or the Sixth Amendment).

Because Estrella–Acosta's contentions fail, we need not consider his remedy claims.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

