**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rudy RAMIREZ, Jr., Defendant— Appellant.**

No. 06–50346.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

Mark R. Rehe, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Erica K. Zunkel, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Rudy Ramirez, Jr. appeals from the 24–month sentence imposed upon revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the sentence and remand.

Ramirez contends that the revocation of his supervised release violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This contention is foreclosed by *United States v. Huerta–Pimental*, 445 F.3d 1220, 1225 (9th Cir.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2006). Because Ramirez's *Apprendi* challenge fails, we need not consider his remedy claims.

Ramirez also contends that the district court primarily based its revocation sentence on principles of punishment for his new criminal conduct underlying the revocation, an impermissible sentencing factor for revocation sentences. We agree. *See United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir.2006). Because the district court relied primarily on an impermissible sentencing factor, we vacate and remand for re-sentencing for the district court to consider the appropriate sentencing factors of 18 U.S.C. § 3553(a), as incorporated by 18 U.S.C. § 3583(e). *See id.* at 1183 n. 21.

**AFFIRMED in part; VACATED and REMANDED in part.**