**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven CRANE, Defendant–Appellant.**

**No. 06–30450.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 13, 2007.

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, Celeste K. Miller, Esq., Alan G. Burrow, Esq.,

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

## MEMORANDUM [**]

Steven Crane appeals from the judgment revoking supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Crane contends that the revocation of his supervised release violates *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This contention is foreclosed by *United States v. Huerta–Pimental*, 445 F.3d 1220, 1225 (9th Cir.), *cert. denied*, — U.S. —, 127 S.Ct. 545, 166 L.Ed.2d 403 (2006).

Relying on *United States v. Miqbel*, 444 F.3d 1173, 1181–82 (9th Cir.2006), Crane also contends that the district court primarily based its revocation sentence on principles of promoting respect for the law and punishment for his new criminal conduct underlying the revocation, which are impermissible sentencing factors for revocation sentences.

Although the district court mentioned the impermissible factors during the revocation proceedings, we conclude that the revocation was based primarily on Crane's breach of trust in committing subsequent burglaries and not primarily upon the im-

permissible factors. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir.2007).

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

