**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Antonio SANCHEZ–LLANES,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Jesus Antonio Sanchez–Llanes,
Defendant–Appellant.**

**Nos. 07–50182, 07–50216.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed July 9, 2008.

Eugene S. Litvinoff, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Erica K. Zunkel, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### ORDER

We grant Jesus Antonio Sanchez–Llanes' petition for panel rehearing. We withdraw the memorandum disposition filed on January 24, 2008, 266 Fed.Appx. 538, and file a replacement memorandum disposition concurrently with this order.

### MEMORANDUM **

Jesus Antonio Sanchez–Llanes appeals from the 21–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and enhanced by (b). He also appeals from the 12–month sentence imposed for revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

■ Sanchez–Llanes contends that the district court violated Fed.R.Crim.P. 32 by failing to resolve his objections to the Pre-Sentence Report ("PSR") before imposing his sentence. We agree. The district court failed to resolve Sanchez–Llanes' second set of objections in which he argued that the probation office proved only three of the four convictions listed in the PSR with judicially noticeable facts. *See United States v. Houston,* 217 F.3d 1204,

1207 (9th Cir.2000) (recognizing that this court's precedent requires "strict compliance" with Rule 32).

Sanchez–Llanes also contends that the district court failed to conduct a proper 18 U.S.C. § 3553(a) analysis. We disagree. *See Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007); *see also United States v. Perez–Perez,* 512 F.3d 514, 516–17 (9th Cir.2008). We cannot say the district court's sentencing decision constitutes an abuse of discretion. *See Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

We reject Sanchez–Llanes' contention that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled. *See United States v. Maciel–Vasquez,* 458 F.3d 994, 995–96 (9th Cir.2006).

■ In regard to Sanchez–Llanes' revocation of supervised release contentions, we conclude that the district court did not abuse its discretion by revoking his supervised release. Sanchez–Llanes' supervised release was revoked after he violated a federal law, thus he had constructive notice of the term he violated. *See United States v. Dane,* 570 F.2d 840, 843–44 (9th Cir.1977).

Sanchez–Llanes' contention that 18 U.S.C. § 3583(e)(3) is unconstitutional is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220, 1224–25 (9th Cir. 2006). We reject Sanchez–Llanes' contention that *Huerta–Pimental* is no longer good law.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.