**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robin Charles GREEN, Defendant–
Appellant.**

No. 08–30166.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2008.*

Filed Dec. 10, 2008.

Pamela Jackson Byerly, USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Kailey Moran, FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Appellant argues that the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is violated by the imposition of punishment upon revocation of supervised release. Appellant contends such punishment exceeds the maximum authorized by his original conviction, and that because a judge makes findings based on the preponderance of evidence, as opposed to adjudication by a jury beyond a reasonable doubt, it violates *Apprendi.* This argument, however, is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220 (9th Cir.2006) (holding that "[b]ecause release is imposed as part of the sentence authorized by the fact of conviction and requires no judicial fact-finding, it does not violate the Sixth Amendment principles recognized by *Apprendi* and *Blakely* ").

Accordingly, we summarily affirm the district court's judgment.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.