**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Katherine Marie GABLE, Defendant—
Appellant.**

**No. 08–30452.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 2009.*

Filed July 09, 2009.

Kris Allen McLean, Esquire, Assistant U.S., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Rhodes, Esquire, Assistant Federal Public Defender, Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: PREGERSON, RYMER and TASHIMA, Circuit Judges.

MEMORANDUM **

Katherine Gable appeals the district court's order revoking her supervised release and sentencing her to ten months imprisonment and an additional twenty-six months of supervised release. Gable argues: (1) that the district court violated her due process and confrontation clause rights by considering hearsay evidence during the revocation hearing; (2) that there was insufficient evidence to prove by a preponderance of the evidence that Gable violated the terms of her supervised release by committing another federal, state, or local offense; and (3) that incarcerating Gable based on judge-found facts violates Gable's Sixth Amendment rights under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

(1) Under Federal Rule of Evidence 1101(d)(3) the district court may consider hearsay evidence during a supervised release revocation hearing. Additionally, the admission of hearsay evidence during Gable's revocation hearing did not violate Gable's due process or confrontation rights because the evidence was sufficiently reliable and was not "uniquely important to the court's finding." *United States v. Martin,* 984 F.2d 308, 311 (9th Cir.1993);

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

see also *United States v. Comito,* 177 F.3d 1166, 1171 (9th Cir.1999); *United States v. Perez,* 526 F.3d 543, 548 (9th Cir.2008).

(2) A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, there was sufficient evidence—including Gable's own admissions—to prove by a preponderance of the evidence that Gable violated the terms of her supervised release.

(3) Gable's argument that incarcerating her based on judge-found facts violates her Sixth Amendment rights under *Booker* is squarely foreclosed. *See United States v. Huerta–Pimental,* 445 F.3d 1220, 1224–25 (9th Cir.2006).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.