**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50461 |
| Plaintiff-Appellee, | D.C. No. 306-cr- 01156-GT-1 |
| v. | |
| MARIO HERNANDEZ-SERVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted November 16, 2011[**]
Pasadena, California

Before:     W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS,
Senior District Judge[***]

---

[*]     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Richard Mills, Senior District Judge for the Central District of Illinois, sitting by designation.

Defendant-Appellant Mario Hernandez-Servera ("Hernandez ") appeals the district court's judgment revoking his supervised release and denying his motion challenging the constitutionality of the supervised release statute, 18 U.S.C. § 3583. Hernandez argues that 18 U.S.C. § 3583(e) is facially unconstitutional because it permits judges to find supervised release violations by a preponderance of the evidence instead of requiring a jury determination of proof beyond a reasonable doubt. Because supervised release revocation and criminal contempt share a similar purpose, similar elements, and similar underlying policy concerns, Hernandez contends that supervised release revocation is, at essence, the same as criminal contempt, and thus subject to the same due process requirements applicable to criminal contempt prosecutions.

"Supervised release is an integral part of the federal sentencing structure, similar in purpose and scope to its predecessor, parole." *United States v. Huerta-Pimental*, 445 F.3d 1220, 1222 (9th Cir. 2006). The United States Supreme Court has held that parole revocation hearings are not equivalent to criminal prosecutions, and due process does not require parole violations to be found by a jury or proven beyond a reasonable doubt. *Morrissey v. Brewer*, 408 U.S. 471, 483-485, 489 (1972). The same constitutional analysis applies to parole, probation, and supervised release. *United States v. Hall*, 419 F.3d 980, 985 n.4

(9th Cir. 2005). The district court correctly denied Hernandez's constitutional challenge to § 3583.

Hernandez also argues that the district court violated *Apprendi v. New Jersey*, 530 U.S. 465 (2000)*,* by imposing a six-month revocation sentence after he had already served the maximum term of imprisonment specified in the substantive statute of conviction, 8 U.S.C. § 1325. This Court has previously held "that § 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute." *United States v. Purvis*, 940 F.2d 1276, 1279 (9th Cir. 1991). Supervised release is not additional punishment and *Apprendi* is not implicated when a judge imposes a period of supervised release to follow a term of imprisonment because the maximum sentence prescribed by statute for qualifying offenses is the maximum term of imprisonment under the substantive statute of conviction plus a term of supervised release that is added to—rather than substituted for a portion of—the term of imprisonment. *United States v. Liero*, 298 F.3d 1175, 1178 (9th Cir. 2002); *see also Huerta-Pimental*, 445 F.3d at 1223.

**AFFIRMED**.