**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2162 |
| Plaintiff - Appellee, | D.C. No. 3:16-cr-02556-GPC-1 |
| v. | |
| ROBERT LEE CHILDRESS, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted April 10, 2025
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.**

Defendant-Appellant Robert Lee Childress, Jr. appeals the district court's

revocation of his supervised release, sentence of 24 months' imprisonment, and

reimposition of supervision. We have jurisdiction under 28 U.S.C. § 1291 and

affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

1.	In 2021, the district court sentenced Childress to time-served and three years of supervised release after Childress pleaded guilty to wire fraud. Childress was later charged with three violations of the terms of supervised release, including theft by false pretenses in violation of California law. Childress denied this allegation. The district court held an evidentiary hearing, and Childress's counsel cross-examined the alleged victim. The district court found that the government had proven the elements of theft by false pretenses and imposed a sentence of 24 months in custody. The court stated that it had "observed numerous breaches of trust throughout [Childress's] term of supervised release" and that the court had chosen this sentence "for purposes of deterrence, protecting the public, [and] reflecting the seriousness of this conduct."

2.	Childress argues that the district court erred by finding a new law violation using a "preponderance" standard, under 18 U.S.C. § 3583(e)(3), rather than a "reasonable doubt" standard. Childress contends that this violates his rights under both the Fifth and Sixth Amendments. In *United States v. Oliver*, however, we noted that we previously "unequivocally" held that "imposing a term of imprisonment for violating supervised release is 'part of the original sentence authorized by the fact of conviction and does not constitute additional punishment.'" 41 F.4th 1093, 1101 (9th Cir. 2022) (quoting *United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006)). We further explained that

there is "no right to a jury trial for such post-conviction determinations" and "a judge's finding, by a preponderance of the evidence, that [a] defendant violated the conditions of supervised release [does not] raise Sixth Amendment concerns." *Id.* (alteration in original) (quoting *Huerta-Pimental*, 445 F.3d. at 1225). Although Childress cites the Supreme Court's plurality decision in *United States v. Haymond*, 588 U.S. 634 (2019), we also stated in *Oliver* that "[e]ven after *Haymond*, we reaffirmed that the Fifth and Sixth Amendments do not prohibit a § 3583(e) post-revocation prison sentence based on judicial findings under a preponderance standard." *Oliver*, 41 F.4th at 1101 (citing *United States v. Henderson*, 998 F.3d 1071 (9th Cir. 2021)). The district court thus did not err when it sentenced Childress based on facts found by a preponderance of the evidence.

3.      Childress argues that his Fifth Amendment right against compulsory self-incrimination was violated because his counsel felt constrained in cross-examining the victim and deciding not to call Childress to testify. These tactical decisions do not show a violation of Childress's Fifth Amendment rights. As the Supreme Court explained: "That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida*, 399 U.S. 78, 84 (1970). Childress was not compelled to speak.

4.      Childress further argues that the district court erred by imposing a

3                                              24-2162

sentence in violation of *United States v. Simtob*, 485 F.3d 1058 (9th Cir. 2007). In that case, we held, "A district court may not impose a revocation sentence *solely*, or even primarily, based on the severity of the new criminal offense underlying the revocation, as the sentence for that offense is left to the sentencing court." *Id.* at 1063. In *Simtob*, however, we also explained:

> Notwithstanding this scheme, a district court may properly look to and consider the conduct underlying the revocation as one of many acts contributing to the severity of the violator's breach of trust so as not to preclude a full review of the violator's history and the violator's likelihood of repeating that history.

*Id.* That is what the district court did here, and there was no error. Childress's underlying conviction was for wire fraud, and one of his breaches of the court's trust while on supervised release was for a similar offense sounding in fraud. The court properly considered the relevant factors in imposing a reasonable sentence.

5.      Finally, Childress argues that the district court made erroneous factual findings based on inconsistencies in the victim's testimony. The district court, however, observed the victim's demeanor while testifying and heard argument from counsel. Findings of fact made by a district court are reviewed for clear error. *See United States v. Campbell*, 937 F.3d 1254, 1256 (9th Cir. 2019).

In addition, special deference is owed to a district court's credibility determinations. *See United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998). The district court did not make clearly erroneous factual findings based on the

victim's testimony.

**AFFIRMED.**