**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RODOLFO GAVILANES-OCARANZA,
*Defendant-Appellant.*

No. 13-50123

D.C. No.
3:09-cr-01607-L-1

OPINION

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted October 7, 2014*
Pasadena, California

Filed November 25, 2014

Before: Michael Daly Hawkins and Susan P. Graber,
Circuit Judges, and John W. Sedwick,** District Judge.

Opinion by Judge Graber

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel affirmed the district court's revocation of supervised release and the sentence imposed upon revocation.

The panel held that the revocation of supervised release and the imposition of additional prison time do not violate the Sixth Amendment's guarantee of a speedy trial, even when the revocation and sentencing take place years after the original conviction. The panel also held that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), does not affect the validity of the determination in *United States v. Huerta-Pimental*, 445 F.3d 1220, 1224 (9th Cir. 2006), that the revocation of supervised release and the imposition of additional prison time pursuant to 18 U.S.C. § 3583 do not violate the Sixth Amendment right to trial by jury.

### COUNSEL

Joan Kerry Bader, San Diego, California, for Defendant-Appellant.

Alexandra F. Foster and Bruce Castetter, Assistant United States Attorneys, and Laura E. Duffy, United States Attorney, San Diego, California, for Plaintiff-Appellee.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

GRABER, Circuit Judge:

Defendant Rodolfo Gavilanes-Ocaranza pleaded guilty to being a removed alien found in the United States, a violation of the terms of his federal supervised release. The district court revoked Defendant's supervised release and sentenced him to an additional 12 months' imprisonment. Defendant raises several constitutional and other challenges to that sentence. In this published opinion, we address only his Sixth Amendment claims. We address his other arguments in an unpublished memorandum disposition filed concurrently with this opinion.

Because Defendant did not raise his Sixth Amendment objections before the district court, we review for plain error, *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc), and we affirm. We hold that the revocation of supervised release and the imposition of additional prison time do not violate the Sixth Amendment's guarantee of a speedy trial, even when the revocation and sentencing take place years after the original conviction. We also hold that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), does not affect the validity of our determination in *United States v. Huerta-Pimental*, 445 F.3d 1220, 1224 (9th Cir. 2006), that the revocation of supervised release and the imposition of additional prison time pursuant to 18 U.S.C. § 3583 do not violate the Sixth Amendment right to trial by jury.

## FACTUAL AND PROCEDURAL HISTORY

In 2009, Defendant pleaded guilty to attempted reentry after removal, in violation of 8 U.S.C. § 1326. The district

court sentenced him to 33 months' imprisonment and three years' supervised release. As a condition of his supervised release, Defendant agreed that, "[i]f deported, excluded, or allowed to voluntarily return to [his] country of origin," he would "[n]ot reenter the United States illegally." He also agreed not to "commit another federal, state or local crime."

In 2012, Defendant pleaded guilty to being a removed alien in the United States, in violation of 8 U.S.C. § 1326. A different district court sentenced him to 46 months' imprisonment and three years' supervised release. Defendant then appeared in revocation proceedings before the district court from the 2009 conviction and admitted the violation of his initial supervised release. That court revoked Defendant's supervised release and sentenced him to 12 months' imprisonment, to run consecutively to the 46-month sentence. Defendant timely appeals.

## DISCUSSION

As a preliminary matter, Defendant argues that Supreme Court and Ninth Circuit precedent on revocation of probation and parole does not apply to revocation of supervised release, because parolees and probationers are still serving their sentences, while supervised releasees are not. In the present context, though, there is no material distinction between revocation of parole or probation and revocation of supervised release. District courts are authorized to include "*as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a) (emphasis added). Moreover,

> [s]upervised release and parole are virtually identical systems. Under each, a

defendant serves a portion of a sentence in prison and a portion under supervision outside prison walls. If a defendant violates the terms of his release, he may be incarcerated once more under the terms of his original sentence. More specifically, a defendant's original sentence determines the length of the term of parole (indirectly) or supervised release (directly). It is also the original sentence that establishes how long the defendant may be required to serve following revocation in the case of both parole and supervised release violations. Finally, it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of both parole and supervised release.

Revocation of parole is not a punishment for a new offense, although the conduct on which revocation is based may be punished separately. For revocation purposes, the conduct simply triggers the execution of the conditions of the original sentence. Those conditions may not be made more severe, nor may the defendant's term of reincarceration after his violation be made more onerous, by any act adopted after he was sentenced. In this respect, there is no conceivable basis for distinguishing between parole and supervised release.

*United States v. Paskow*, 11 F.3d 873, 881 (9th Cir. 1993) (footnote omitted). In *Paskow*, we held that parole and supervised release are the same for the purposes of an ex post

facto analysis. *Id.* Relying on *Paskow*, we also have held that revocations of parole, probation, and supervised release are the same for double jeopardy purposes, because they all constitute punishment for the underlying crime. *United States v. Soto-Olivas*, 44 F.3d 788, 791 (9th Cir. 1995).

The similarities between revocation of parole or probation and revocation of supervised release are equally salient in the Sixth Amendment context. The Sixth Amendment applies only to "criminal prosecutions." U.S. Const. amend. VI. The revocation of supervised release is not a criminal prosecution for Sixth Amendment purposes, because the violation "simply triggers the execution of the conditions of the original sentence." *Paskow*, 11 F.3d at 881. We therefore conclude that revocation of supervised release, revocation of parole, and revocation of probation must be analyzed the same way when we consider Sixth Amendment speedy trial and trial by jury claims.

## A.  Speedy Trial

There is no Sixth Amendment right to a speedy trial in supervised release revocation proceedings, because those proceedings are not part of a criminal prosecution and thus the "full panoply of rights due a defendant in such a proceeding does not apply." *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) (internal quotation marks omitted). A defendant does have a right to a reasonably prompt hearing on revocation of supervised release, but that right is rooted in the Fifth Amendment's Due Process Clause, not in the Sixth Amendment's Speedy Trial Clause. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008).

Defendant does not challenge any purported *delay* in holding the revocation hearing; indeed, the hearing was held promptly after the violation occurred. Instead, he argues that the revocation proceedings are an *extension* of the original criminal prosecution for his 2009 violation of federal law and that the four-year gap between the 2009 offense and the revocation hearing violates his right to a speedy trial.[1] That argument is clearly foreclosed, because supervised release arises "after the end of the criminal prosecution, including imposition of sentence." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (explaining why Sixth Amendment rights do not apply to parole revocations). *A fortiori*, a violation of supervised release also arises after the end of the criminal prosecution. We previously have noted in passing that the Speedy Trial Clause does not apply to proceedings to revoke supervised release. *Santana*, 526 F.3d at 1259. To the extent that our precedent is ambiguous on that point, we eliminate that ambiguity by holding now that there is no Sixth Amendment right to a speedy "trial" in supervised release revocation proceedings and that a revocation proceeding is neither its own criminal prosecution nor an extension of the original criminal prosecution that led to the imposition of supervised release.

---

[1] Defendant also refers to violations of the Speedy Trial Act without explaining what those violations might be. Regardless, the Act does not apply. The time limits in the Speedy Trial Act focus on the time between indictment or entry of a not-guilty plea and the start of a trial. 18 U.S.C. § 3161(a), (c). Unless the plea is withdrawn, there appears to be no post-guilty-plea application of the Speedy Trial Act. *United States v. Tinklenberg*, 579 F.3d 589, 594 (6th Cir. 2009), *aff'd on other grounds*, 131 S. Ct. 2007 (2011).

**B.  Trial by Jury**

We have held that the supervised release system under 18 U.S.C. § 3583, including revocation of that release and imposition of additional prison time as a result of a violation of a term of the release, does not violate a defendant's right to trial by jury. *Huerta-Pimental*, 445 F.3d at 1224. Defendant contends that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), effectively overruled *Huerta-Pimental*. We disagree.

In *Alleyne*, 133 S. Ct. at 2155, the Supreme Court relied on its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and held that the Sixth Amendment guarantees the right to have any fact that increases a statutory minimum sentence proved to a jury beyond a reasonable doubt. Thus, *Alleyne* deals with the imposition of a sentence in the first instance after a criminal conviction; it says nothing about the imposition of additional prison time after a violation of supervised release. *Alleyne* therefore does not affect the validity of our holding in *Huerta-Pimental*. *Cf. Santana*, 526 F.3d at 1262 (rejecting a similar challenge to the authority of *Huerta-Pimental*, because "*Cunningham[ v. California*, 549 U.S. 270 (2007),] interprets the Sixth Amendment, and therefore it is not relevant to revocation proceedings").

We hold that, after *Alleyne*, *Huerta-Pimental* remains good law. We reaffirm that the revocation of supervised release and the imposition of additional prison time pursuant to 18 U.S.C. § 3583 do not violate a defendant's right to trial by jury.

**AFFIRMED.**