**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50341 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05124-BEN-1 |
| v. | |
| JOSE LUIS CASTILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 5, 2015[**]
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan Humphrey Lefkow, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by designation.

Jose Luis Castillo appeals the revocation of his supervised release. Castillo admitted that he failed to submit urine samples for drug testing, as required by the terms of his supervised release. The district court revoked Castillo's supervised release and imposed a custodial sentence of six months' imprisonment, to be followed by a further two-year term of supervised release. On appeal, Castillo alleges numerous constitutional challenges to the system of supervised release. Castillo also argues that his release revocation sentence is unreasonable. We affirm.

We have considered all of Castillo's constitutional claims[1] and conclude that they are meritless. Castillo did not raise his constitutional claims in the district court, so we review them for plain error. *See United States v. Bell*, 770 F.3d 1253, 1256 (9th Cir. 2014). Most of Castillo's constitutional challenges are answered by the fact, long recognized in our circuit, that a term of supervised release is part of

---

[1]We grant Castillo's motion to file an oversized reply brief. However, we will not consider his claims that (1) he was not advised of the mandatory revocation provision when entering his guilty plea; (2) 18 U.S.C. § 3583(g) is a bill of attainder; (3) incarceration following failure to test violates the Eighth Amendment; (4) he has a right to have counsel present during all interactions with probation officers; (5) supervised release is an inquisitorial system; (6) § 3583(g) functions as a general warrant; and (6) searches conducted under the umbrella of supervised release violate the Fourth Amendment, because they were not raised in Castillo's opening brief. *See Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 928 n.6 (9th Cir. 2010).

the sentence imposed for the underlying offense. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006). A supervised releasee is not analogous to a criminal defendant; a releasee has been adjudged guilty and is serving his sentence while on supervision. Therefore, a releasee, alleged to have violated the terms of his supervised release, does not enjoy the same panoply of rights that a criminal defendant has when facing prosecution. *See United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628-29 (9th Cir. 2014) (supervised releasees have no right to a speedy trial or trial by jury); *Huerta-Pimental*, 445 F.3d at 1225 (revocation of supervised release by a judge does not violate the right to a jury trial); *United States v. Soto-Olivas*, 44 F.3d 788, 789-90 (9th Cir. 1995) (non-criminal conduct may support a violation of supervised release, supervised release does not implicate double jeopardy, and releasees have no right to be indicted for alleged violations). The supervised release system does not violate the separation of powers. *See United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999).

We have also consistently upheld terms of supervised release identical to Castillo's. Conditions of supervised release may impinge upon fundamental constitutional rights. *See United States v. Kincade*, 379 F.3d 813, 834 (9th Cir. 2004) (en banc). This includes the right to association. *See United States v.*

*Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991). The Fifth Amendment does not prohibit conditions of supervised release that require a releasee to provide information to the probation officer, *see United States v. Saechao*, 418 F.3d 1073, 1081 (9th Cir. 2005), including a urine sample for drug testing, *United States v. Edmo*, 140 F.3d 1289, 1292-93 (9th Cir. 1998). In short, Castillo presents nothing more than a typical release revocation case. His broadside constitutional attacks have no validity in our precedent. Therefore, we conclude that the district court did not err in revoking Castillo's supervised release, pursuant to 18 U.S.C. § 3583(g).

We also conclude that Castillo's release revocation sentence was reasonable. The district court did not abuse its discretion by revoking Castillo's supervised release and imposing a custodial sentence, because revocation was mandated by § 3583(g)(3). To the extent the district court imposed a custodial sentence for breach of trust, it followed the express recommendation of the sentencing commission. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A(b), introductory cmt. (2010); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007). The district court did not abuse its discretion by considering the seriousness of Castillo's failure to comply with drug testing, because Castillo's failure to address his drug problem shows that he "is not only more likely to continue on that path,

4

but also has demonstrated to the court that [he] has little respect for its command." *Simtob*, 485 F.3d. at 1063. Therefore, Castillo's revocation sentence was not improperly based on punishment. Lastly, the imposition of a custodial sentence was not substantively unreasonable, in light of Castillo's mental health and drug problems, given Castillo's failure to comply with procedures designed to provide him with treatment.

**AFFIRMED**.