## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 13 2017, 5:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Hansen Law Firm, L.L.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony W. Adams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 13, 2017

Court of Appeals Case No.
29A02-1612-CR-2955

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-0406-FC-50

**Mathias, Judge.**

[1]     In this probation revocation case, we consider whether the trial court committed reversible error in ordering Anthony W. Adams ("Adams") to

execute part of his previously suspended sentence nine years after the State petitioned to revoke his probation. Concluding that it did not, we affirm.

## Facts and Procedural Posture

[2] In 2004, Adams pleaded guilty in Hamilton Circuit Court to Class C felony forgery under the instant cause number. He received a four-year suspended sentence, with 174 days' credit, leaving a balance of 1,286 days. In 2005 and 2006, Adams's drug use resulted in three violations of his probation. Adams was ordered to serve 360 days of his suspended sentence, leaving a balance of 926 days.

[3] In August 2007, Adams was charged with five counts of child molestation. On August 24, 2007, the State filed a fourth petition to revoke probation under the instant cause number on the basis of the new charges and on the basis that Adams had failed to inform his probation officer of them. A bench warrant was issued for Adams's arrest, tolling the probationary period. Ind. Code § 35-38-2-3(c) (2007). In August or September 2007, Adams pleaded guilty to two of the new charges and was ordered to serve twenty years executed in the Department of Correction.

[4] On September 21, 2016, Adams was released from the Department of Correction and promptly re-arrested on the outstanding bench warrant from 2007. At a probation violation hearing on October 28, 2016, Adams admitted to violating the conditions of his probation as alleged in the fourth petition. At a dispositional hearing on December 1, 2016, the trial court revoked Adams's

probation and ordered him to execute 740 of his remaining 926 days in the Department of Correction.

From this order Adams now appeals, claiming that the nine-year delay between the State's fourth petition to revoke in 2007 and the probation revocation in 2016 violated his right to a speedy trial, and that the trial court abused its discretion in ordering him to execute 740 days as a sanction for his violation.

We affirm.

## Standard of Review

The decisions to revoke probation and to impose sanctions for a probation violation are within the sound discretion of the trial court. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review such decisions for an abuse of that discretion. *Id.* A trial court abuses its discretion by ruling in a way clearly against the logic and effect of the facts and circumstances before it, or by misinterpreting the law. *Id.*

## Discussion and Decision

### I.    Sixth Amendment Speedy Trial Clause

The Sixth Amendment to the federal constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const., amend. VI, cl. 1 ("the speedy trial clause"); *Kloper v. North Carolina*, 386 U.S. 213, 223 (1967) (incorporating speedy trial clause against

states).[1] Whether an accused has been denied his Sixth Amendment right to a speedy trial is tested by balancing the factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972). These include the length of and reason for the delay, whether the accused demanded a speedy trial, and prejudice to the accused. *Id.* at 530. At the trial level, the remedy for a violation of the right is dismissal of the prosecution. *See Logan v. State*, 16 N.E.3d 953, 961 (Ind. 2014).

[9]     Adams waived his Sixth Amendment argument by failing to raise it below. *Lee v. State*, 684 N.E.2d 1143, 1145 (Ind. 1997) (failure to object to continuance below waived assertion of speedy trial right under state constitution on appeal). Adams never moved to dismiss the State's petition to revoke his probation on Sixth Amendments grounds, and never objected to imposition of sanctions on those grounds either at the probation violation hearing on October 28, 2016, or at the dispositional hearing on December 1, 2016. Indeed, at the latter hearing, Adams expressly disclaimed any legal argument from delay in opposition to the State's petition to revoke:

> [Court:]     I hear your complaint about the delay. Any of that complaint [goes] towards a legal complaint or is it more towards fairness—
>
> [Counsel:]   It's more of an equity—

---

[1] While "Indiana Criminal Rule 4 generally implements [this] constitutional right" and "we ordinarily begin our analysis" with that rule, *Logan v. State*, 16 N.E.3d 953, 958 (Ind. 2014) (citations omitted), the rule does not apply in probation revocation proceedings. *Wilburn v. State*, 671 N.E.2d 143, 148 (Ind. Ct. App. 1996), *trans. denied*.

> [Court:]       —equity?
>
> [Counsel:]   It's more of an equity argument, Your Honor. To be candid, I don't know if there is a statutory[, not to mention constitutional,] requirement of timely advising of the [bench] warrant [issued in 2007 after the State filed its petition to revoke].

Tr. p. 23. In other words, Adams raised the State's delay as an "equitable" argument in mitigation of the sanction to be imposed for an admitted probation violation, not as a constitutional defense to the State's petition to revoke. Adams concedes as much on appeal. Appellant's Br. at 11.

[10] Adams does not allege fundamental error. In the absence of such an allegation, we cannot find error in the trial court's disposition of a claim that was never submitted to it. Adams's Sixth Amendment argument is waived.

[11] Waiver notwithstanding, we note that, because no other provision of the Sixth Amendment applies in probation revocation proceedings, we cannot see why the speedy trial clause would.[2] Moreover, this court has held before that

---

[2] Probation revocation proceedings are subject to the minimum guarantees of due process under the Fourteenth Amendment, but Adams does not raise a separate due process claim. *See generally Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (no constitutional distinction between probation revocation and parole revocation); *Morrissey v. Brewer*, 408 U.S. 471, 480-81 (1972) ("We begin with the proposition that the revocation of parole is *not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply* to parole revocations. . . . We turn, therefore, to the question whether the requirements of due process in general apply to parole revocations [and answer in the affirmative]." (emphasis added)); *see particularly Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984) (per dictum, no Sixth Amendment right to jury in probation revocation proceeding); *Gagnon*, 411 U.S. at 783 (no Sixth Amendment right to counsel in probation revocation proceeding); *United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 627-28 (9th Cir. 2014) (no constitutional difference between probation revocation and supervised release revocation; no Sixth Amendment speedy trial right in either context); *United States v. Scott*, 850 F.2d 316, 320 (7th Cir. 1988) ("[T]he sixth amendment's speedy trial clause does not apply directly to

admission of a probation violation, like a guilty plea, *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996), or a consent judgment, *Pond v. McNellis*, 845 N.E.2d 1043, 1061 (Ind. Ct. App. 2006), *trans. denied*, forecloses challenge to probation revocation on direct appeal. *Huffman v. State*, 822 N.E.2d 656, 659 (Ind. Ct. App. 2005). Finally, Adams would have faced no small hurdle in persuading us he was prejudiced by the delay. Even absent waiver, Adams's Sixth Amendment claim could not have afforded him relief.

## II.  *Abuse of Discretion in Probation Violation Sanction*

[12]  Adams claims the trial court abused its discretion by ordering him to serve 740 days of the 926-day balance of his suspended sentence. Adams believes his time served in jail between his September 2016 arrest on the outstanding bench warrant and his December 2016 dispositional hearing was the more appropriate sanction.

[13]  By statute, when the trial court finds a probationer has violated the conditions of his probation, the trial court "may . . . order execution of all or part" of the originally suspended sentence. *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (alteration and quotations omitted) (quoting I.C. § 35-38-2-3(h)(3)). "Once a trial court has exercised its grace by ordering probation rather than

---

probationers[.]"); *State v. Johnson*, 842 N.W.2d 63, 73 (Neb. 2014) (concurring with "majority of courts" surveyed that Sixth Amendment confrontation clause does not apply to probation revocation proceedings); *Reyes v. State*, 868 N.E.2d 438, 440 n.1 (Ind. 2007) (declining to address Sixth Amendment confrontation clause in probation revocation case because right "not implicated" there).

incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[14] In considering the proper sanction for Adams's probation violation, the trial court reasoned as follows:

> Based upon the fact the Defendant was on probation, this was his fourth information, fourth time violating . . . for numerous different allegations, this [fourth] allegation being a conviction, a very serious conviction. Had this been presented to me closer to the time that it happened, I think that I would probably come up with a harsher result than I am today. Clearly I think that the amelioration of time, the band-aid of time has maybe softened the ultimate disposition here today. Because the Defendant has served a substantial amount of time for the prior conviction and was due to get out before being . . . told as he was walking out the door that he had this Fourth Information of Violation of Probation that would keep him in custody, . . . keeping that in mind, the Court does still revoke the Defendant's probation . . . . I will, however, only execute 740 days of his previously suspended time.

Tr. pp. 24-25.

[15] In aggravation, the trial court considered Adams's history of probation violations and the severity of the conviction underlying the instant violation. In mitigation, the trial court considered the long lapse of time between the violation and the dispositional hearing, and Adams's surprise at being immediately re-incarcerated after having just completed a long prison term. The trial court concluded that, of the 926-day balance of Adams's sentence, 740 days should be executed. This conclusion was not clearly against the logic and

effect of the facts and circumstances before the court, and was well within the trial court's "considerable leeway" in ruling on probation revocations. *Prewitt*, 878 N.E.2d at 188. There was no abuse of discretion.

## Conclusion

Adams waived any Sixth Amendment defense to the State's petition to revoke, and the trial court did not abuse its discretion in ordering Adams to execute 740 days of the 926-day balance of his suspended sentence. The trial court's judgment is therefore affirmed.

Affirmed.

Kirsch, J., and Altice, J., concur.