**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50342 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00911-ODW-1 |
| v. | |
| SCOTT ALLEN SPERLING, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

Scott Allen Sperling appeals the district court's revocation of his supervised release and imposition of five years additional imprisonment under 18 U.S.C. § 3583(k), after finding Sperling had violated the terms of his supervised release

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

by possessing or accessing with intent to view images of child pornography. We have jurisdiction under 18 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court did not clearly err in its factual findings, *see United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir. 1996), nor abuse its discretion in revoking Sperling's supervised release, *see United States v. Thum*, 749 F.3d 1143, 1145 (9th Cir. 2014). The Government met its burden to prove Sperling possessed or accessed with intent to view images of child pornography by a preponderance of the evidence. *Id.* at 1145-46 (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010)). As such, the district court's conclusion was sufficient; not "illogical, implausible, or without support in the record." *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

2. Plain error review applies to Sperling's claim that his sentence violated his Sixth Amendment rights, because he failed to raise the issue below. *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). Under plain error review, 18 U.S.C. § 3583(k) is not obviously unconstitutional. Supreme Court precedent and this Court's precedent hold that the Sixth Amendment does not apply to

revocation proceedings.[1] *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."); *Johnson v. United States*, 529 U.S. 694, 701 (2000) ("[P]ostrevocation penalties [are attributed] to the original conviction."); *Spangle*, 626 F.3d at 494 (citing *Brewer*, 408 U.S. at 480) ("[T]he Sixth Amendment has no application to supervised release proceedings."); *United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014) ("We have held that the supervised release system under 18 U.S.C. § 3583, including revocation of that release and imposition of additional prison time as a result of a violation of a term of the release, does not violate a defendant's right to trial by jury."). Thus, the district court did not commit a clear or obvious legal error in sentencing Sperling to five years' imprisonment for violating the terms of his supervised release.

**AFFIRMED.**

---

[1] There is no plain error where this court and the Supreme Court have not spoken on an issue and the authority in other circuits is split, *United States v. Thompson*, 82 F.3d 849, 855 (9th Cir. 1996), much less where there was no contrary authority at the time of sentencing.