**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK KAZALONIS, | No. 21-35509 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01605-SU |
| v. | |
| HARNEY COUNTY, OREGON; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| UNKNOWN PARTY, Unknown Assistant District Attorney for Harney County Oregon; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mark Kazalonis appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Kazalonis's claims regarding 2002 civil forfeiture proceedings as barred by the statute of limitations. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) ("In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state."); Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury actions); *see also* Or. Rev. Stat. § 12.160(3)-(4) (allowing five years of tolling for persons with a "disabling mental condition"); *Simonsen v. Ford Motor Co.*, 102 P.3d 710, 719 (Or. Ct. App. 2004) ("[I]n general, ORS 12.110(1), tolled by ORS 12.160, allows a plaintiff suffering such a disability to commence an appropriate action a maximum of seven years after the date of the injury.").

The district court properly dismissed Kazalonis's claims regarding his 2014 arrest because Kazalonis failed to allege facts sufficient to state any plausible claims. *See Baker v. McCollan*, 443 U.S. 137, 143-44 (1979) (generally no constitutional violation for arrest based on facially valid warrant); *United States v.*

*Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014) ("[T]here is no Sixth Amendment right to a speedy 'trial' in supervised release revocation proceedings . . . ."); *United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995) ("[D]ouble jeopardy does not preclude criminal prosecution for conduct which also serves as the basis for a parole or probation revocation." (emphases omitted)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give each "defendant fair notice of what the . . . claim is and the grounds upon which it rests").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-35509